NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

The LAIDLAW CORPORATION,
Respondent.

No. 74–1111.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 14, 1974.

Decided Dec. 12, 1974.

Elliott Moore, Deputy Associate Gen. Counsel, John F. Depenbrock, Atty., N.L. R.B., Washington, D. C., for petitioner.

Allen W. Teagle, San Francisco, Cal., for respondent.

Before SWYGERT, Chief Judge, HASTINGS, Senior Circuit Judge, and FAIRCHILD, Circuit Judge.

PER CURIAM.

The National Labor Relations Board seeks enforcement of its order directing respondent Laidlaw Corporation to pay a total of $99,621.67 in backpay to 48 named employees in varying amounts as determined by an administrative law judge after a backpay hearing. The hearing was made necessary by the fact that Laidlaw and the Board were unable to come to any informal agreement concerning the proper backpay awards. We find the various awards made in the

Board's order to be supported by substantial evidence on the record as a whole and further find these awards to be in harmony with existing law. We therefore enforce the Board's order in all respects.

These awards grew out of a labor dispute which took place in 1966. As a result of that dispute unfair labor practice charges were filed against Laidlaw. On June 13, 1968 the Board issued a decision and order finding Laidlaw guilty of violations of sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act, 29 U.S.C. § 151 et seq., and ordering it to offer to certain named discriminatees immediate and full reinstatement to their former or substantially equivalent employee positions. Laidlaw Corp., 171 NLRB 1366 (1968). It was further ordered that these employees be made whole for loss of pay resulting from the company's discrimination against them. *Id.* This Court issued an opinion and order on July 28, 1969 enforcing the Board's order in full. Laidlaw Corp. v. NLRB, 414 F.2d 99 (7th Cir. 1969), cert. denied, 397 U.S. 920, 90 S.Ct. 928, 25 L.Ed.2d 100 (1970). Subsequent to our decision and order attempts were made to settle on an agreed backpay award for the various discriminatees. When these efforts proved fruitless, a backpay specification and notice of hearing was issued and a hearing had before an administrative law judge. His supplemental backpay decision was · issued on November 28, 1973. The Board's decision and order adopted the administrative law judge's decision and order without modification. Laidlaw Corp., 207 NLRB No. 94, 85 LRRM 1476 (1973).

■ Respondent Laidlaw first questions the validity and propriety of the original order for reinstatement and backpay. This question was settled in our previous opinion in this case, and we decline to reconsider our holdings in that opinion.

■ It is next contended that a strike settlement agreement reached in December of 1966 cut off backpay claims for all claimants not included on a list of 23 names given by the union to Laidlaw incident to that agreement. Laidlaw says that the list was represented by the union to contain the names of all employees seeking reinstatement and that this representation constituted a waiver of reinstatement and backpay rights of all discriminatees not included on the list. The short answer to this contention is that the company had no right to bargain with the union using these employee rights for the ante. At the time of the settlement agreement the company was under a duty to make a *bona fide offer* of *full* reinstatement to each of the named discriminatees. Until such an offer was made, these rights could not be waived. Heinrich Motors, Inc., 166 NLRB 783 (1967), enforced, 403 F.2d 145 (2 Cir. 1968). It is clear that the company never intended to make a general offer of reinstatement at the time of the settlement agreement, and in fact this is admitted by Laidlaw in its brief to this Court:

Thus the Company was thoroughly justified in relying upon the Union's representations that only twenty-three of the strikers desired to return to work. But for those representations, the Company would not have agreed to settle the strike, to reinstate the twenty-three strikers, or to enter into a new and more costly agreement when it was under no obligation to do so.

Respondent's brief at 19.

Furthermore, Laidlaw failed to offer full and unconditional reinstatement even to the employees named on the list, but instead took these employees back as "new hires" without seniority benefits of any kind. Thus, even accepting Laidlaw's contention that the union list represented all discriminatees desiring to accept the company's offer, the fact remains that the offer "made" was not the offer to which these people were entitled. A refusal of an offer of partial reinstatement does not waive a discriminatee's right to full reinstatement.

■ Laidlaw also challenges the Board's refusal to deduct from the back-

pay awards sums received from the union, allegedly for picketing. The record shows, however, that monies disbursed by the union were not contingent on picketing time, but were in fact based on need and family situation. Moreover, those who were employed and who continued to man the picket lines did not receive any strike benefits, consistent with the "need" criteria used to disburse these benefits. Clearly, then, the Board's finding that the benefits received from the union during the strike were *not* earnings is supported by substantial evidence on the record.

 Finally, respondent claims that certain of the discriminatees failed to make a diligent search for employment as required and that the backpay awards for these employees should be reduced accordingly. Our review of the record shows, however, that the administrative law judge made a careful evaluation of the evidence on this point and that his findings as to each discriminatee are fully supported on the record.

The order of the Board will therefore be

Enforced.